UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE BROMLEY,                           Case No. 1:06-CV-183

    Plaintiff,                          Hon. Richard Alan Enslen

v.

AEROPOSTALE, INC.,
                                          **OPINION**
    Defendant.        /

This matter is before the Court on Defendant Aeropostal, Inc.'s Motion for Summary Judgment. Defendant moves pursuant to Federal Rule of Civil Procedure 56. The Motion has been fully briefed and the Court discerns no reason for oral argument. W.D. MICH. LCIVR 7.2(d).

**I.  BACKGROUND**

Plaintiff brought this action under the Persons with Disabilities Civil Rights Act, MICH. COMP. LAW § 37.1101 *et seq*., ("PWDCRA"). It is undisputed that Plaintiff was employed by Defendant as a store manager in Traverse City, Michigan. On March 9, 2003, Plaintiff suffered a work-related injury. (Ex. A, Bromley Test. before Workers' Comp. Bd. ("Bromley Test.") at 17-18.) Plaintiff was then "chair-bound" and on paid leave for approximately three months. (*Id*. at 24; Ex. 1, Bromley Dep. at 74-75; 80-81.) Plaintiff returned to work on June 23, 2003, with restrictions including: work no more than eight hours a day, not perform any work which required kneeling, not climb stairs or ladders, and eventually limited to working no more than 40 hours per week. (*See* Ex. C & Ex. 5.) Both parties agree Defendant accommodated Plaintiff's restrictions.

In March 2004, Plaintiff and Defendant's statement of facts diverge. Plaintiff asserts on March 25, 2004, Defendant refused to accommodate certain travel requests which would allow her to attend a meeting and not work outside her restrictions. (Ex. A, Bromley Test. at 28-30.) Plaintiff

was advised she was not being a "team player." (*Id*.) Plaintiff argues that after this date, Defendant's regional manager, David Parker, began the process to have her terminated to avoid accommodating her disability. (Ex. D, R. Tillit Dep., 7-8.) Defendant contends on March 25, 2004, the company became aware that Plaintiff was violating policies. (Ex. 4, D. Parker Test. before Workers' Comp. Bd. ("Parker Test.") at 107-08.) Mr. Parker directed a district manager, Bridgette Spielman, to investigate. (*Id*.)

Plaintiff met with Ms. Spielman on April 1, 2004. (Ex. A., Bromley Test. at 32-34.) Plaintiff claims she was terminated by Ms. Spielman at this meeting despite denying violating company policies. (*Id*.) She was then stripped of her keys, physically escorted from the store, her belongings searched, and told specifically she was terminated. (*Id*. at 36.) Plaintiff was later informed she needed to go to the store on Monday, April 5, 2004, to meet with Mr. Parker for unknown reasons. (Ex. 1, Bromley Dep. at 229.) Defendant has submitted the testimony of Mr. Parker to show he did not believe Plaintiff was terminated on April 1, 2004, and thought Plaintiff was responsible to open the store on April 5, 2004. (Ex. 4, Parker Test. at 112-14.)

On April 5, 2004, Plaintiff met with Mr. Parker outside the store. (Ex. 2 at 11-13.) Plaintiff alleges she was informed at this meeting that her refusal to open the store on that date, despite her lack of store keys, constituted her resignation. (Ex. A, Bromley Test. at 196-98.) Defendant contends Plaintiff's employment was not terminated but she still refused to go into the store to continue the investigation despite being informed she was not fired multiple times. (Ex. 4, Parker Test. at 113.) Only after Plaintiff repeatedly refused to enter the store was she considered to have resigned. (*Id*. at 113-15.)

Subsequently, Plaintiff brought workers' compensation claims against Defendant. These claims were tried before the Workers' Compensation Board ("WCB") in June and August 2006. The WCB issued a decision granting Plaintiff only medical expenses relating to her work-related injury. (*See* Ex. 2.) This decision has since been appealed. (*See* Ex. H.)

## II.   LEGAL STANDARDS

Deciding a motion for summary judgment requires the Court to determine if there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file. *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The facts are to be considered in a light most favorable to the non-moving party, and ". . . all justifiable inferences are to be drawn in [its] favor." *Schaffer v. A.O. Smith Harvestore Prod.*, 74 F.3d 722, 727 (6th Cir. 1996) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted).

Once the movant satisfies its burden of demonstrating an absence of a genuine issue of material fact, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Kramer v. Bachan Aerospace Corp.*, 912 F.2d 151, 153-54 (6th Cir. 1990). The non-moving party may not rest on its pleading but must present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting FED. R. CIV. P. 56(e)). It is the function of the Court to decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The question is "whether a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Id.* at 252. "The 'mere

possibility' of a factual dispute is not enough,'" *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)), neither is the submission of *de minimis* evidence. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

### III.     LEGAL ANALYSIS

A.     PWDCRA Claim

To prove a claim under the PWDCRA, a plaintiff must show: (1) that she is disabled as defined in the act, (2) that the disability is unrelated to his ability to perform her job duties, and (3) that she has been discriminated against in one of the ways delineated in the statute. *See Peden v. City of Detroit*, 680 N.W.2d 857, 863 (Mich. 2004) (internal citation omitted). Under the PWDCRA, an employer cannot "discharge or take other discriminatory action against an individual" because of a disability. MICH. COMP. LAW. § 37.1202(b) "'Unrelated to the individual's ability' means, with or without accommodation, an individual's disability does not prevent the individual from . . . performing the duties of a particular job or position." *Id*. (citing MICH. COMP. LAW. § 37.1103(l)(I)).

Defendant argues Plaintiff has failed to present a *prima facie* case under the PWDCRA for the reasons that she is unable to show her disability was unrelated to her ability to perform her job function and/or that Defendant took any adverse employment action against her.[1]

---

[1] Defendant also argued the WCB decision bars Plaintiff's claim under the doctrine of collateral estoppel. However, since Defendant filed its Motion for Summary Judgment, Plaintiff was granted a delayed appeal in the matter. As a result of the appeal, the WCB decision is no longer considered a final decision. Therefore, the Court declines to address this argument.

1.   Disability unrelated to individual's ability to perform her job

Defendant asserts Plaintiff has failed to establish that her disability was unrelated to her ability to perform her job as required under the statute. To this end, Defendant cites to Plaintiff's testimony that as early as April 6, 2004, she was informed by doctors that she was permanently unable to work due to her medical condition.[2] (*See* Ex. 1, Bromley Dep. at 13-14.) Defendant contends Plaintiff's statements detailing her total disability in her deposition and to the WCB clearly refute any claim that she was otherwise qualified for her position as she admits that she can not perform her previous job with or without accommodation. (*See* Mot., Ex. 2 at 5.)

"A statement of total disability in the context of a social security disability claim is not, however, in inherent conflict with a plaintiff's required showing that he is qualified for his position."[3] *Back v. U.S. Postal Serv.*, 2000 U.S. App. LEXIS 6133, at *10 (6th Cir. Mar. 29, 2000) (unpublished decision) (examining this issue in context of a claimed violation of the Rehabilitation Act, 29 U.S.C. § 701 *et seq*.) citing *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795 (1999); *see also Townley v. Blue Cross & Blue Shield of Mich.*, 254 F. Supp. 2d 661, 667-68 (E.D. Mich. 2003).

In *Back*, the Sixth Circuit held that where the plaintiff "was not qualified for his position at the Postal Service *at the time that the adverse employment action occurred*" a *prima facie* case was not established. *Back*, 2000 U.S. App. LEXIS 6133, at *10; *see also Carpenter v. Snacktime Serv.*,

---

[2] Plaintiff has stated in her briefing the date that her work restrictions changed was on April 9, 2004. (*See* Resp. at 10; Exs. E & F.)

[3] The Court recognizes that the same standards which apply to claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102 *et seq*., apply to claims arising under the Rehabilitation Act. *See* 29 U.S.C. § 794(d). Further, the standards for proving a violation of the ADA and PWDCRA are similar. *See Townley*, 254 F. Supp. 2d at 665-66; *see also Peden*, 680 N.W.2d at 863.

2005 Mich. App. LEXIS 871, at *18 (Mich. App. Apr. 5, 2005) (holding that "if an individual is physically incapable of performing the duties of his job at the time he was discharged, summary disposition of his PWDCRA claim is proper.") (citation omitted); *Harris v. Elec. Data Sys. Corp.*, 1996 U.S. App. LEXIS 6109, at *25 (6th Cir. Mar. 6, 1995) (unpublished decision) ("The general rule in Michigan is that if a plaintiff is unable to perform his or her duties at the date of discharge, then he or she is not handicapped under [PWDCRA] and summary disposition of his or her claim is proper.")

In the present case, Defendant has established that Plaintiff testified she is currently totally disabled. (Ex. 1, Bromley Dep. at 13-14.) Plaintiff's testimony also reveals that arguably, she was unable to perform the essential functions of her job as early as April 6, 2004. (*Id*.) However, Defendant has not established that on the date of termination, which taken in a light most favorable to Plaintiff was April 1, 2004, Plaintiff was not a qualified employee. In fact, nothing on the record supports the fact that on the day of termination, Plaintiff was unable to perform her job (with restrictions). As explained in *Townley*, it is not *per se* inconsistent to pursue social security disability insurance benefits or workers' compensation claiming total disability and also allege a violation under the ADA or PWDCRA. *Townley*, 254 F. Supp. 2d at 667. Rather, a "plaintiff must sufficiently explain why her SSDI claim is not inconsistent with her ADA claim that she is a qualified individual under the ADA" or PWDCRA. *Id*. In the present case, Plaintiff has adequately explained how the claims can be reconciled, as they refer to different time periods. Therefore, summary judgment as to this claim is denied.

2. Adverse Action

Defendant contends Plaintiff has failed to set forth a *prima facie* case under the PWDCRA because she cannot establish any adverse employment action was taken against her since she voluntarily resigned on April 5, 2004. However, as is evidenced by the Court's recitation of the factual background, there remains genuine issues of material fact as to whether Defendant terminated Plaintiff's employment and whether her resignation, if ever given, was legitimate. Specifically, although Defendant contends Ms. Spielman or another employee later instructed Plaintiff she was not terminated by phone, Plaintiff has disputed this claim in her testimony. (Ex. A, Bromley Test. at 62.) Plaintiff further testified she was never invited back into the store so she could continue to serve as manager. (*Id*. at 64; Ex. 1, Bromley Dep. at 196.) Plaintiff claims at the April 5, 2004, meeting, she was immediately informed by Mr. Parker, "You didn't show up for work today; I'll take that as your resignation." (*Id*. at 63.) Defendant offers the testimony of Mr. Parker to show that on April 5, 2004, she was not terminated and Ms. Spielman retracted her statements to that effect.[4] (*See* Ex. 4 at 112.) However, to the extent Defendant offers this testimony for the purpose of evidencing the fact Plaintiff was not terminated on April 1, 2004, such testimony is obviously hearsay. *See* FED. R. EVID. 801. Therefore, taken in a light most favorable to Plaintiff, there is a genuine issue of material fact as to whether Defendant terminated Plaintiff's employment or whether she legitimately resigned. Accordingly, summary judgment on this issue is not proper.

---

[4] There is no testimony submitted from Ms. Spielman who would have actual knowledge of these events.

B.  Retaliatory Discharge

The PWDCRA prohibits an employer from retaliation against an employee who has asserted rights under the Act or opposed a violation of the Act. MICH. COMP. LAW. § 37.1602(a). To establish a *prima facie* case of retaliation under the PWDCRA, a plaintiff must show: (1) that she was engaged in a protected activity; (2) that this was known by the defendant; (3) that the defendant took an adverse action to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse action. *Bachman v. Swan Harbor Assoc.*, 653 N.W.2d 415, 437 (2002) (citation omitted). Defendant argues Plaintiff fails to present a claim of retaliation under the PWDCRA because she fails to establish she was terminated. However, as previously explained, this Court finds that there remains a genuine issue of material fact as to whether Plaintiff's employment was terminated by Defendant or she voluntarily resigned. As a result, summary judgment on the charge of retaliatory discharge is improper.

C.  Damages

Defendant also pursues summary judgment on the basis of damages alleging the Court should find Plaintiff is not entitled to damages because she has testified that she can no longer perform the job in question with or without an accommodation. However, the Court finds after review that in a light most favorable to Plaintiff, there remains genuine issues of material fact regarding whether Plaintiff can prove damages in this action. Specifically, Plaintiff has alleged her total disability may be a foreseeable result of the alleged adverse employment action which terminated her health benefits. Accordingly, the Court finds that summary judgment on this issue is properly denied.

## IV.     CONCLUSION

Therefore, the Court will deny Defendant Aeropostale, Inc.'s Motion for Summary Judgment.

An Order consistent with this Opinion shall enter.


Dated in Kalamazoo, MI:                                     /s/Richard Alan Enslen
July 27, 2007                                                          Richard Alan Enslen
                                                                              United States District Judge